IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THOMAS C. MCKENZIE**, | Case No. 3:22-cv-1140-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **PORTLAND POLICE DIVISION, CITY OF PORTLAND, IVAN A. ALVAREZ, HILARY J. SCOTT,** and **JOHN DOES 3-4**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

On February 21, 2023, defendants Ivan A. Alvarez and Hilary J. Scott (Defendants[1]) filed a Motion for Summary Judgment (ECF 23). On September 1, 2023, United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation (ECF 33) recommending that this Court grant Defendants' Motion for Summary Judgment. Plaintiff, representing himself, timely filed an Objection (ECF 35), to which Defendants filed a Response (ECF 36).

---

[1] Defendants Alvarez and Scott are the only remaining named defendants in this case. The First Amended Complaint names six defendants: the Portland Police Division (or Portland Police Bureau), the City of Portland, and four unnamed Doe defendants. ECF 6 at 1-2. The Court has dismissed from this case the Portland Police Bureau and the City of Portland. ECF 7. The Court has also substituted Alvarez and Scott for John Does 1 and 2. ECF 18. It is unclear whether Plaintiff, after that substitution, intended to maintain his claim against John Does 3 or 4. As discussed in the Findings and Recommendations, however, a two-year statute of limitations applies to Plaintiff's claim against Alvarez and Scott, *see* ECF 33 at 4-5, and the same statute of limitations would apply to Plaintiff's claim as brought against any remaining Doe defendants.

PAGE 1 – ORDER

A. **Standards**

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

B. **Discussion**

Former Chief Justice of the Oregon Supreme Court Thomas A. Balmer, in a dissenting opinion in an unrelated case, eloquently explained the role of statutes of limitations in the American legal system:

> Statutes of limitations, by their nature, can block good claims. In criminal law, they may protect the guilty. In the tort system, they may deprive the injured of a remedy. And in post-conviction

PAGE 2 – ORDER

> proceedings, they can deny relief from constitutionally unsound convictions.
>
> Why accept that? Because statutes of limitations also play an important, and sometimes essential, role in our legal system. They press parties to bring their claims in a timely matter, they prevent disputes from being adjudicated long after the most probative evidence has gone stale, and they provide certainty to potential defendants who once the statute of limitations has run can live their lives without the fear that they will be subject to a lawsuit or to criminal charges. . . . Yet those advantages come at an unavoidable cost: Any statute of limitations will necessarily, but hopefully rarely, block some good claims.

*Gutale v. State*, 364 Or. 502, 520-21 (2019) (Balmer, J., dissenting).

In this case, Defendants moved for summary judgment on the sole ground that the two-year statute of limitations on Plaintiff's claim had expired by the time Plaintiff asked the Court to substitute Defendants in place of Does 1 and 2.[2] Plaintiff opposed Defendants' Motion for Summary Judgment but did not respond to Defendants' argument that Oregon's two-year statute of limitations bars Plaintiff's claim: Plaintiff neither challenged Defendants' assessment of governing law nor pointed to any disputed facts that might render the statute of limitations inapplicable.

In her Findings and Recommendation, Judge Beckerman thoroughly examined the laws that govern the statute-of-limitations issue in this case. Judge Beckerman concluded that Plaintiff's substitution of the named Defendants for the Doe defendants was untimely and that Plaintiff's claim was therefore barred under Oregon's two-year statute of limitations. In his Objection to the Findings and Recommendation, Plaintiff asks the Court "to grant [him] leeway" but does not point to any legal or factual errors in the Findings and Recommendation that would

---

[2] Defendants also assert that Plaintiff's claim would fail on the merits. Defendants argue, however, that because the two-year statute of limitations bars Plaintiff's claim, the Court need not reach the merits of Plaintiff's claim.

PAGE 3 – ORDER

permit Plaintiff to proceed on his claim. Nor can the Court find any such errors.[3] Under Judge Beckerman's analysis, Plaintiff cannot proceed on his claim—even if the Court accepts as true all of Plaintiff's allegations.

The Court has reviewed Judge Beckerman's Findings and Recommendation, as well as Plaintiff's Objection and Defendants' Response. The Court agrees with Judge Beckerman's reasoning and conclusion. Accordingly, the Court ADOPTS Judge Beckerman's Findings and Recommendation (ECF 33). The Court GRANTS Defendants' Motion for Summary Judgment (ECF 23).

**IT IS SO ORDERED.**

DATED this 16th day of February, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] Although it would not alter Judge Beckerman's analysis or her conclusion, the Court notes that to the extent Plaintiff's claim is one for malicious prosecution, that claim would not have accrued until October 19, 2020. "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quotation marks omitted). Under federal law, a claim for malicious prosecution "accrues only once the underlying criminal proceedings have resolved in the plaintiff's favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2018); *see also Gilton v. City & County of San Francisco*, 2023 WL 5600082, at *5 (N.D. Cal. Aug. 29, 2023) ("Assuming . . . that [plaintiff's] claims arise under the Fourteenth Amendment, then they accrued when the criminal proceedings against him terminated in his favor." (citing *McDonough*)). In this case, Plaintiff's claim for malicious prosecution would not have accrued until October 19, 2020, when the charges against him were dismissed. *See* Tu Decl., Ex. 1 (Register of Actions) at 2 (ECF 23-1 at 5). That date of accrual would not, however, change Judge Beckerman's analysis or conclusion. As relevant here, Judge Beckerman found—and Plaintiff does not dispute—that neither Alvarez nor Scott received notice of this case until December 7, 2022, after the two-year limitations period had run. *See* ECF 33 at 10-11.